**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David Tex HILL, Defendant–Appellant.**

**No. 01–6322, 01–6353.**

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2002.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*ORDER*

David Tex Hill, proceeding pro se, appeals from two district court orders approving the forfeiture of several shares of stock to the United States. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury convicted Hill for conspiring to conduct an illegal gambling business and conducting an illegal gambling business in violation of 18 U.S.C. § 1955, and money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A) and (B). The jury also returned a special criminal forfeiture verdict finding that certain of Hill's properties were involved in the money laundering convictions. A panel of this court affirmed Hill's convictions and sentence on direct appeal. *United States v. Hill*, 167 F.3d 1055 (6th Cir.1999).

Subsequently, the government obtained a monetary judgment in the amount of $393,369.40, after several properties involved in the money laundering had become unavailable for forfeiture. In addition, the court eventually ordered the forfeiture of Hill's interest in 616 shares of Greene County Bancshares (Bancshares) stock to the United States. The government later learned that, during the pendency of the case, the original 616 shares had split and become 9,240 shares, and that Hill had purchased other shares of this same stock which had become 630 shares of stock. The government filed a motion seeking forfeiture of all the aforementioned stock. On September 6, 2001, the district court amended the Final Order of Forfeiture and ordered the forfeiture of Hill's interest in

all the shares to the United States. Thereafter, the court denied Hill's motions to alter or amend the judgment.

Hill has filed a timely appeal, essentially arguing that 1) the district court improperly ordered the forfeiture of the appreciated value of Hill's shares to the government; and 2) the district court improperly ordered the forfeiture of bank stock to the government under the substitution of assets provision.

Upon review, we conclude that the district court properly ordered the forfeiture of Hill's shares to the government. This court reviews de novo a district court's interpretation of federal forfeiture law. *United States v. O'Dell*, 247 F.3d 655, 679 (6th Cir.2001).

The district court properly ordered the forfeiture of the appreciated value of Hill's original 616 shares of Bancshare stock. Forfeiture of properties involved in money laundering is mandatory pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(a). Section 982(a)(1) provides, in relevant part, that "[t]he court, in imposing sentence on a person convicted of an offense in violation of section 1956, order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." Furthermore, a court may order the forfeiture of any property that is "traceable to" a money laundering offense. *See, e.g., United States v. Hawkey*, 148 F.3d 920, 928 (8th Cir.1998).

Here, the original 616 shares of stock were involved in Hill's money laundering offense. Although the shares had become 9,240 shares at the time the United States attempted to enforce the forfeiture order, the additional shares are directly "traceable to" the original shares involved in the money laundering conviction. The district court had already ordered the forfeiture of the original 616 shares to the United States. Hence, because this case merely involves the appreciated value of the forfeited 616 shares, the district court properly ordered the forfeiture of the appreciated value of the stock. *See id.*

The district court also properly ordered the forfeiture of the additional 630 shares of Bancshare stock. The "substitute asset provision" provides that "substitute property" may be forfeited if, "as a result of any act or omission of the defendant," the property (1) cannot be located despite due diligence; (2) has been transferred, sold to, or deposited with a third party; (3) has been placed beyond the court's jurisdiction; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty. 21 U.S.C. § 853(p).

Here, the government had previously obtained a monetary judgment in the amount of $393,359.40. The court granted the monetary judgment because Hill had transferred or sold several of the properties involved in the money laundering offense. Hence, the district court properly ordered the forfeiture of Hill's additional 630 shares of Bancshare stock in an effort to satisfy the monetary judgment.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.